PEOPLE v FETT (ON REMAND)

Docket No. 238781. Submitted March 1, 2004, at Lansing. Decided April 27, 2004, at 9:05 A.M.

Kathie M. Fett was convicted by a jury in the Oakland Circuit Court, Richard D. Kuhn, J., of operating a vehicle while visibly impaired by intoxicating liquor. The defendant appealed. The Court of Appeals, MARKEY, P.J., and CAVANAGH and HOEKSTRA, JJ., vacated the conviction and sentence and remanded the matter to the trial court on the basis that the defendant's right to counsel was violated when the trial court arbitrarily denied her pretrial motion to admit pro hac vice counsel of choice. 257 Mich App 76 (2003). The Supreme Court, in lieu of granting leave to appeal, vacated the opinion of the Court of Appeals and remanded the matter to the Court of Appeals for consideration of the defendant's remaining claims. 469 Mich 907 (2003).

On remand, the Court of Appeals *held*:

The trial court's error in admitting during the cross-examination of the defendant's expert the results of a preliminary breath test in violation of MCL 257.625a(2)(b) does not warrant reversal because it does not affirmatively appear more probable than not that the admission of the evidence was outcome-determinative.

Affirmed.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *David G. Gorcyca*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *Marilyn J. Day*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Susan J. Smith*) for the defendant on appeal.

ON REMAND

Before: MARKEY, P.J., and CAVANAGH, and HOEKSTRA, JJ.

PER CURIAM. A jury convicted defendant of operating a vehicle while visibly impaired by intoxicating liquor (OWI), MCL 257.625(3), third offense, MCL 257.625(10)(c) (now MCL 257.625[11][c]). She appealed her conviction by right, arguing that her Sixth Amendment right to counsel was violated when the trial court arbitrarily denied her pretrial motion to admit pro hac vice counsel of choice. We agreed with defendant, but our Supreme Court, in lieu of granting leave to appeal, vacated our opinion and remanded the matter to this Court for consideration of defendant's remaining claims. 257 Mich App 76; 666 NW2d 676 (2003), vacated and remanded 469 Mich 907 (2003). Because we conclude that defendant's remaining claim of error does not merit reversal, we now affirm.

Defendant also claims that the trial court erred by admitting during cross-examination of her expert, Dr. Charles Simpson, the results of a preliminary breath test (PBT), contrary to MCL 257.625a(2)(b). The prosecutor admits that the admission of the PBT results on cross-examination of a defense witness did not comply with the plain language of MCL 257.625a(2)(b)(iii), which permits such evidence "if offered by the prosecution to rebut testimony elicited on cross-examination of a prosecution witness that the defendant's breath alcohol content was lower at the time of the charged offense than when a chemical test was administered . . . ." But the prosecutor argues that any error in admitting the PBT results does not warrant reversal because it does not affirmatively appear more probable than not that the admission of the evidence was outcome-

determinative. *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999). We agree.

Defendant was charged with operating a motor vehicle while under the influence of intoxicating liquor, MCL 257.625(1), which has been construed to mean that a defendant's " 'ability to drive was substantially and materially affected by consumption of intoxicating liquor.' " *Oxendine v Secretary of State*, 237 Mich App 346, 354; 602 NW2d 847 (1999), quoting *People v Lambert*, 395 Mich 296, 305; 235 NW2d 338 (1975) (emphasis deleted). The jury convicted defendant of the lesser offense of MCL 257.625(3), which our Supreme Court has explained is shown when a defendant's " 'ability to drive was so weakened or reduced by consumption of intoxicating liquor that defendant drove with less ability than would an ordinary, careful and prudent driver,' " and that the " 'weakening or reduction of ability to drive [was] visible to an ordinary, observant person.' " *People v Calvin*, 216 Mich App 403, 407; 548 NW2d 720 (1996), quoting *Lambert, supra* at 305.

To find defendant guilty of the lesser offense, the jury would have first had to accept the police officer's testimony that defendant's driving was visibly impaired. And the police officer's testimony, if believed, could have led a reasonable jury to conclude that defendant was speeding, was changing lanes without her turn signal, and had gone through a yellow light.

Next, the jury would have had to believe that defendant's impairment was caused by the consumption of intoxicating liquor. Besides the PBT results, the prosecutor presented results of two Data-Master tests. The PBTs reported a 0.113 alcohol level and the Data-Master tests reported an alcohol level of 0.11 grams per 210 liters of breath. Both results were above the legal limit at that

time of 0.10 grams per 210 liters of breath. MCL 257.625(1)(b). The accuracy of both tests was equally disputed, and there is little reason to believe that the jury would have chosen to believe the defense expert's testimony that the Data-Master was inaccurate while disbelieving his testimony that PBT's are completely unreliable. Indeed, it is obvious that the jury discounted both the Data-Master and the PBT results because defendant was not convicted of operating with an unlawful alcohol level. MCL 257.625(1)(b). Nevertheless, the jury could have concluded that the Data-Master tests were accurate enough, together with the officer's testimony, to find defendant guilty of the lesser offense of operating a vehicle while visibly impaired by intoxicating liquor. Accordingly, we conclude that even if error occurred in the admission of the PBT results, it does not affirmatively appear more probable than not that the error was outcome-determinative. *Lukity, supra* at 495-496.

We affirm.